NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CSC HOLDINGS LLC, | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | Civ. No. 10-1057 (WHW) |
| OPTIMUM NETWORKS, INC. and FRANK AZNAR, | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiff and counterclaim-defendant CSC Holdings, LLC ("Cablevision") moves to dismiss or strike portions of defendants Optimum Networks, Inc. and Frank Aznar's answer and counterclaims. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument. The motion is granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Cablevision is a telecommunications provider to New York, New Jersey and Connecticut. It offers internet service provider ("ISP") and interactive cable television services. Since 1994, Cablevision has promoted its services under the registered mark OPTIMUM "and an expanding family of OPTIMUM-inclusive marks (collectively, the 'OPTIMUM Marks')." (Compl. ¶ 9.) Cablevision owns the incontestable federal trademark registration for its OPTIMUM mark as well as registrations for other of the OPTIMUM Marks. Cablevision has

**NOT FOR PUBLICATION**

registered and used a number of OPTIMUM-inclusive internet domain names including Optimum.com and Optimum.net.

Cablevision alleges that after it began using the OPTIMUM Marks, defendants began using the mark OPTIMUM ISP, the names OPTIMUM NETWORKS and Optimum Networks, Inc., and the domain name OptimumISP.com to promote their ISP related services. Given the similarity of the names, Cablevision asserts that defendants' actions have falsely caused customers to believe that the two entities are related and that defendants have acted to exploit Cablevision's goodwill surrounding the OPTIMUM Marks.

On March 2, 2010, Cablevision filed a complaint alleging trademark infringement, false designation of origin, violation of the Anticybersquatting Consumer Protection Act, and unfair competition under New Jersey statutory and common law. After this Court denied defendants' motion to dismiss, they filed an answer and counterclaims on September 8, 2010. Defendants' first counterclaim requests a declaratory judgment stating that it is the rightful first user of the name OPTIMUM NETWORKS. The second counterclaim alleges that "optimum network" is a descriptive term and that Cablevision may not claim exclusive right to it. Count three attempts to allege that Cablevision has committed a trademark violation. The final counterclaim simply states: "Plaintiff's assertions of the claims herein and actions constitute unfair competition and violation of the New Jersey Unfair Competition law, applicable federal and state statutes, and common law." (Ans., at 6.) Defendants' first affirmative defense is that the complaint fails to state a cause of action upon which relief may be granted. Cablevision urges this Court to dismiss the last three of defendants' counterclaims, its first affirmative defense and its claim for compensatory damages.

**NOT FOR PUBLICATION**

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 306 (3d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 546. Thus, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Twombly, 550 U.S. at 563 n.8 (citation omitted).

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). When a party moves to strike a defense on insufficiency grounds, the motion should only be granted where "the insufficiency of the defense is clearly apparent." United States ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton, No. 08-4809, 2009 WL 4576097, at *3 (D.N.J. Dec. 1, 2009) (quoting Cipollone v. Liggett Grp., Inc., 789 F.2d 181, 188 (3d Cir. 1986)).

**NOT FOR PUBLICATION**

## DISCUSSION

**Count Two**

Cablevision alleges that defendants' second counterclaim fails to even reference any statutory or common law cause of action, let alone state a claim upon which relief can be granted. Cablevision also argues that even if the counterclaim can be read to request a declaratory judgment stating that Cablevision lacks rights because the term "optimum" is merely descriptive, such a claim would fail because of the Supreme Court's ruling in Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189 (1985).

In Park 'N Fly, the petitioner operated parking lots at airports in a number of U.S. cities. Id. at 191. He had registered a logo that said "Park 'N Fly" as a mark with the United States Patent and Trademark Office. Id. Five years later, he then filed an affidavit to make the mark incontestable. Id. Respondent operated a parking lot at an airport named "Park and Fly." Id. at 192. Petitioner brought suit. The respondent defended alleging that there was no infringement because the mark was merely descriptive. Id. The Supreme Court held that "the holder of a registered mark may rely on incontestability to enjoin infringement and that such an action may not be defended on the grounds that the mark is merely descriptive." Id. at 205. This ruling limited "the power of the courts to cancel registration and 'to otherwise rectify the register' . . . to the specific provisions concerning incontestability." Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990) (citing Park 'N Fly, 469 U.S. at 203).

In response, defendants state only that "the counterclaim alleges optimum network is a descriptive name in the public domain. We submit that claim is adequately pled and factually supported. If the court finds the term in the public domain, part of the relief sought in the

**NOT FOR PUBLICATION**

counterclaim, namely invalidation of the registration for the optimum network, would be called for." (Def. Br, at 9.)

While Cablevision mainly addresses Count Two as if it sought to invalidate its OPTIMUM mark, Count Two actually addresses the term "OPTIMUM NETWORK" and Cablevision's 2007 trademark registration of this term. Defendants claim that "OPTIMUM NETWORK" is a descriptive term and seek the cancellation of Cablevision's registration on this basis. Cablevision's OPTIMUM NETWORK mark is not incontestable, and may be challenged on the grounds that it is merely descriptive. Park 'N Fly is not applicable here.

Descriptive marks may only be registered if they have acquired secondary meaning. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769 (1992). A trademark may be challenged within five years of its registration on the principal register, if the challenger can prove "any legal or equitable defense or defect . . . which might have been asserted if such mark had not been registered." 15 U.S.C. § 1115(a). 15 U.S.C Section 1115(a) allows a mark to be challenged as "merely descriptive," if it is without secondary meaning. Park 'N Fly, 469 U.S. at 196. A federally registered trademark "carries a presumption of validity," Ciba-Geigy Corp. v. Bolar Pharm. Co., Inc., 747 F.2d 844, 852 (3d Cir. 1984). Registration imposes on the challenger of the mark the burden of going forward with evidence to rebut that presumption. See House of Westmore v. Denney, 151 F.2d 261, 265 (3d Cir. 1945); Alliance Bank v. New Century Bank, No. 10-2249, 2010 WL 2991204, at *12-13 (E.D. Pa. July 27, 2010); Ashland Oil, Inc. v. Olymco, Inc., 64 F.3d 662, at *2 (6th Cir. 1995) (quotation omitted).

Defendants have challenged the registration of the term "OPTIMUM NETWORK" within the statutory five-year period and have pleaded that the mark is merely descriptive. Cablevision argues that defendants have not put forth evidence that OPTIMUM NETWORK

5

**NOT FOR PUBLICATION**

lacks secondary meaning. To qualify for trademark protection, an owner of a descriptive mark must establish secondary meaning in a mark at the time and place that the defendant began use of the mark. Commerce Nat. Ins. Servs., Inc. v. Commerce Ins. Agency, Inc., 214 F.3d 432, 438 (3d Cir. 2000). Defendants contend that in its registration of the term "OPTIMUM NETWORK," Cablevision listed a date of first use six years *after* defendants began operating their business. This is sufficient to allege that Cablevision's OPTIMUM NETWORK mark had not acquired secondary meaning before defendants began use of the term. Count Two adequately states a claim upon which relief could be granted and will not be dismissed.

**Count Three**

Defendants Count Three is entitled "Trademark Statute." While this count is quite jumbled, defendants state that because many other companies use the term optimum without recrimination from Cablevision, it has acted in bad faith by bringing this action. Count Three also cites the remedies available under the cyberpiracy prevention portion of the Anticybersquatting Consumer Protection Act, states that the laws relied on by Cablevision provide remedies to a defendant that used a descriptive term in its business first, and claims that Cablevision obtained registration for its marks by committing fraud.

**Fraud**

Cablevision contends that the only possible claim pleaded in Count Three is one for fraud in the procurement of its trademark registrations. As an allegation of fraud, this claim would be subject to Rule 9(b)'s heightened pleading standard. "[T]he requirements of rule 9(b) may be satisfied if the complaint describes the circumstances of the alleged fraud with precise allegations of date, time, or place *or* by using some means of injecting precision and some measure of substantiation into their allegations of fraud." Bd. of Trs. of Teamsters Local 863

**NOT FOR PUBLICATION**

Pension Fund v. Foodtown, Inc., 296 F.3d 164, 173 (3d Cir. 2002) (emphasis in the original). To satisfy this heightened pleading standard, "[p]laintiffs must plead with particularity the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged." Knox v. Samsung Elecs., No. 08-4308, 2009 WL 1810728, at *5 (D.N.J. June 25, 2009).

Because Count Three does not identify the material factual misrepresentations that Cablevision allegedly made, does not plead scienter, reliance or damages, or even identify which trademark applications allegedly contain misrepresentations, Cablevision contends that Count Three fails to state a cause of action. The Court agrees. Count Three does not adequately plead a cause of action for fraud.

**Cybersquatting**

The sixth paragraph of Count 3 reads:

> Such remedies include the relief set forth in 15 U.S.C. 1125(d) (1) (C) which provides, In any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark.

(Ans., at 6.) Instead of explaining why they believe that they have set forth a claim under the cybersquatting statute, defendants cite Vista India v. Raaga, LLC, 501 F. Supp. 2d 605 (D.N.J. 2007), for the unremarkable proposition that a defendant that has reasonable grounds to believe that he may use a domain name has not acted in bad faith.

They go on to argue that "while plaintiff's complaint and brief were sufficient to present factual issues for decision, that is a far cry from suggesting the issues were sufficiently clear for a conclusive determination in its favor." (Defs. Br., at 16.) Defendants are confused. Cablevision's motion seeks to dismiss defendants' counterclaims, it is not a motion for summary judgment and will not result in a "conclusive determination in its favor." Finally, defendants

NOT FOR PUBLICATION

baldly claim that they "should be entitled to relief under the cybersquatting statute to confirm [their] rights." (Def. Br., at 16.)

"In general, cybersquatting is the act of registering, in bad faith and to garner profit, on the internet a domain name so similar to a distinctive mark that it is confusing." Green v. Fornario, 486 F.3d 100, 103 n.5 (3d Cir. 2007). To state a claim for relief under the Anticybersquatting Consumer Protection Act, a complaint must sufficiently allege that "(1) [plaintiff's] mark was distinctive or famous at the time defendants registered their domain name; (2) defendants' domain name is identical or confusingly similar to (or, if the mark is famous, dilutive of) plaintiff's mark; and (3) defendants registered the domain name with the bad faith intent to profit from the mark." Carnivale v. Staub Design, LLC, 700 F. Supp. 2d 660, 663 (D. Del. 2010) (citing Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001)). A mark is famous "if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A).

Defendants do not plead sufficient facts to make out a claim for cybersquatting. They have not pleaded that their mark is distinctive or famous, or that Cablevision's mark is dilutive of their mark. While they complain that Cablevision has acted in bad faith in pursuing its claims in this action, they do not allege that Cablevision registered a domain name in bad faith or to profit from defendants' mark. Count Three fails to state a claim upon which relief may be granted and is dismissed.[1]

**Count Four**

Count Four states in its entirety, "Plaintiff's assertions of the claims herein and actions

---

[1] Nothing that defendants have pleaded in Count Three's other paragraphs affirmatively forms a cause of action. The first three paragraphs, which complain that because other companies allegedly use the word optimum without interruption, Cablevision has acted in bad faith by pursuing this case, do not plead a cause of action. Similar to Count 1, paragraph 4, notes that the first user of a term has certain legal rights. The fifth paragraph merely states that defendants are entitled to the relief set forth in their prayer for relief. Such statements do not state a claim against Cablevision.

**NOT FOR PUBLICATION**

constitute unfair competition and violation of the New Jersey Unfair Competition law, applicable federal and state statutes, and common law." (Ans. at 8.) Defendants allege that this pleading establishes a cause of action under which relief may be granted because they have pleaded that defendants used the phrase "optimum network" beginning in 2001, while Cablevision's admitted date of first use is 2007, and because Cablevision has allowed many other companies to use the term "optimum."

Cablevision counters that Count Four is nothing more than "naked assertions devoid of further factual enhancement," (Pl. Br., at 13,) and that they cannot use their brief to rewrite the allegation in their counterclaims to include an unfair competition claim under state law. Defendants have not provided any basis to show how Cablevision's "assertion of the claims herein" or any of its actions constitute unfair competition. Count Four fails to allege the elements of any cause of action or provide factual support underlying the elements. It is dismissed.

**First Affirmative Defense**

Cablevision seeks to dismiss defendants' first Affirmative Defense, which states that Cablevision's "complaint fails to state a cause of action upon which relief may be granted." (Ans., at 14.) Cablevision argues that because defendants have already brought a motion to dismiss Cablevision's complaint for failure to state a cause of action, and because this Court denied that motion, the first Affirmative Defense is insufficient as a matter of law. Defendants do not respond to this argument at all.

Given this procedural history, this is a case where "the insufficiency of the defense is clearly apparent." United States ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton, No. 08-4809, 2009 WL 4576097, at *3 (D.N.J. Dec. 1, 2009). Because this Court has

**NOT FOR PUBLICATION**

already found that Cablevision's complaint *does* state claims upon which relief may be granted, defendants' first Affirmative Defense will be stricken.

**Compensatory Damages**

Defendants request compensatory damages in their Prayer for Relief and request damages from plaintiff's actions in Count One. Cablevision claims that defendants have not substantiated its claims for compensatory damages because they have failed to allege any damage from Cablevision's actions. Again, defendants fail to directly address Cablevision's argument. Instead, the only mention of damages in defendants' opposition is a statement that it is entitled to "damages including costs from plaintiff's actions," (Defs. Br., at 16,) in a discussion of the anticybersquatting statute. Because this claim has been dismissed, it cannot serve as a basis for compensatory damages.

While Count One states that defendants are entitled to damages, it at no point pleads under what theory of liability it is owed damages, describes what damages it has suffered or pleads what facts underlie this legal conclusion. Because defendants have not pleaded any facts to show any harm that they have suffered due to Cablevision's actions, defendants' request for compensatory damages is stricken.

**NOT FOR PUBLICATION**

## CONCLUSION

It is on this 28th day of March, 2011:

**ORDERED** that defendants Motion to Dismiss is GRANTED as to Counts Three and Four.  These Counts are dismissed with prejudice;

It is further **ORDERED** that defendants Motion to Dismiss is DENIED as to Count Two;

It is further **ORDERED** that defendants Motion to Strike defendants First Affirmative Defense and claim for compensatory damages is GRANTED**.**

<u>s/ William H. Walls</u><br>
United States Senior District Judge